Scott A. Homar (WSB #6-3092)
OVERSTREET, HOMAR & KUKER
Attorneys-at-Law
508 East Eighteenth Street
Cheyenne, Wyoming 82001
307.274-4444 telephone
307.274-4443 facsimile
scott@kukerlaw.com
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RIA R. SQUARED, INC., a Delaware Corporation | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 21-CV-221-R ) ) |
| JONATHAN TONKOWICH | ) ) ) |
| Defendant | ) ) |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## PURSUANT TO RULE 12(B)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant Jonathan Tonkowich, by and through counsel, Overstreet Homar & Kuker, respectfully submit their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

## INTRODUCTION

1. Plaintiff has brought suit against Jonathan Tonkowich ("Tonkowich") for return of funds Plaintiff claims were fraudulently obtained by Paul McCown ("McCown"), a business associate and co-worker of Tonkowich's. Plaintiff claims McCown defrauded Plaintiff out of $14,700,000.00, part of which was transferred to Tonkowich.

2. Plaintiff, in its Complaint, claims that Tonkowich received $375,000.00 of these funds and have alleged causes of action of Conversion and Civil Theft and relief under the Uniform Fraudulent Transfers Act W.S. § 34-14-205.

3. Plaintiff also alleges in its Complaint that during the attendant Federal Bureau of Investigation (FBI) probe into the matter, that $301,129.11 of those funds were seized and are now in the hands of the FBI. As such, Plaintiff claims Tonkowich owes them the remaining balance of $73,870.89. Specifically, Plaintiff states, "[b]y reason of the foregoing, R Squared has been and will continue to be damaged in the amount of $73,870.89 plus interest." (Doc. 1, ¶ 30).

4. In fact, when the FBI contacted Tonkowich regarding this matter and informed him that the funds were fraudulently obtained instead of a legitimate shareholder distribution in exchange for Tonkowich's work, counsel and advice on a disinfectant business, Tonkowich cooperated with the FBI *and counsel for R Squared*, for return of all available funds.

5. Following the transfer from McCown to Tonkowich, Tonkowich gave gifts of $60,000.00 each to three (3) family members and friends as well as a donation to a charitable trust of $40,000.00.  *See* checks and receipt letter from Donor's Trust attached as **Exhibit 1.**  Through cooperation with the FBI and counsel for R Squared, Pamela Frederick, Tonkowich was able to assist in recovering two (2) of the $60,000.00 gifts and the $40,000.00 donation to the charitable Trust. *See* emails evidencing R Squared, FBI and Tonkowich cooperation regarding recovery of funds attached hereto as **Exhibit 2.** The two $60,000.00 gift payments were returned to Tonkowich's account with Baird Financial Services and seized by the FBI along with the remaining funds in that account which totaled $301,129.11 as alleged by Plaintiff. The third $60,000.00 gift had been used by Tonkowich's transferee as a down payment on a new home and was considered irrevocably spent and unrecoverable by the FBI and counsel for Plaintiff. Tonkowich also assisted in retrieving $13,870.89 from the Donors Trust Merrill Lynch account. *See* seizure documents attached hereto as **Exhibit 3.**

6.      Therefore, $315,000.00 has been recovered on behalf of Plaintiff. Only the $60,000.00 determined to be irrevocably spent and unrecoverable is in controversy.

## II - LEGAL STANDARD

7.      Federal Rule of Civil Procedure 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The court accepts the well-pleaded allegations from the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Estate of Eiteljorg ex rel. Eiteljorg v. Eiteljorg*, 813 F. Supp. 2d 1069, 1073-74 (S.D. Ind. 2011) (citing *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002), for Rule 12(b)(1) standard). "When considering a motion to dismiss under Rule 12(b)(1), the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether Case 1:16-cv-02431-JMS-DML Document 41 Filed 11/18/16 Page 2 of 12 PageID #: 190 3 in fact subject matter jurisdiction exists." *Eiteljorg*, supra, 813 F. Supp. 2d at 1074 (quoting *Capitol Leasing Co., v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993)).

Further, 28 U.S. Code § 1332 states:

> (a)The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

3

### III – ARGUMENT

8. The amount in controversy does meet jurisdictional requirements. As demonstrated, $315,000.00 has been recovered on Plaintiff's behalf by the FBI. This leaves only $60,000.00 in controversy. The jurisdictional amount required for diversity jurisdiction in federal court is $75,000.00. Even if the Court is unable to determine the factual accuracy of the $60,000.00 left in controversy, Plaintiff clearly states in Count 1 of the Complaint, that, "R Squared has been and will continue to be damaged in the amount of $73,870.89." Even taking this total as accurate, Plaintiff still fails to meet the jurisdictional amount.

9. In its second cause of action, Plaintiff asserts that the Defendant's liability is in the amount of $375,000.00. This is clearly not accurate given their fact statements and other allegations within the Complaint. Plaintiff well knows that the $315,000.00 in funds were recovered on their behalf and that they will receive those funds from the federal government after conclusion of the prosecution. The Federal Asset Forfeiture Policy Manual states:

> Forfeiture is a critical tool in the recovery of illicit gains arising from financial crimes such as fraud, embezzlement, and theft. Returning forfeited assets to victims through the remission and restoration processes is one of the primary goals of the Department of Justice's (Department) Asset Forfeiture Program. See Chapter 13 of this Manual. Remission and restoration authority exists for virtually all offenses for which the government obtains a related administrative declaration of forfeiture, or civil or criminal forfeiture order.2 See 18 U.S.C. § 981(e)(6) (civil forfeiture), and 21 U.S.C. § 853(i)(1) (while § 853(i) governs the procedures for disposing of property criminally forfeited under the drug abuse prevention and control laws, those procedures are incorporated by reference in 18 U.S.C. § 982(b)(1), which extends those procedures to most other criminal offenses).

10. $315,000.00 has been recovered from Tonkowich and his family, friends and chosen charities through agreement and cooperation with Plaintiff. Even upon full victory at trial, Plaintiff would only be entitled to those funds yet to be recovered, or $60,000.00. Therefore, as

Plaintiff's claims do not exceed $75,000.00, this Court does not have jurisdiction to hear the matter.

11. Defendant has conferred with Plaintiff's counsel regarding this Motion pursuant to rule and Plaintiff's counsel object.

**WHEREFORE,** Defendant respectfully request that this Court enter an Order Dismissing Complaint pursuant to pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure due to lack of jurisdiction.

**DATED** this 28th day of December, 2021

      */s/ Scott A. Homar*
Scott A. Homar (WSB #6-3092)
OVERSTREET, HOMAR & KUKER
Attorneys-at-Law
508 East Eighteenth Street
Cheyenne, Wyoming 82001
307.274-4444 telephone
307.274-4443 facsimile
scott@kukerlaw.com
Attorneys for Defendant