IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RIA R SQUARED, INC., a Delaware Corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JONATHAN TONKOWICH,<br><br>　　　　Defendant. | Case No. 21-CV-0221-SWS |

### Order Denying Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

The above-captioned matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (ECF No. 5). The Court, having reviewed Defendant's motion and supporting materials, Defendant's response in opposition (ECF No. 7) and otherwise being fully advised in the premises, finds and orders as follows:

### Background

As alleged in Plaintiff's Complaint (ECF No. 1) Plaintiff (R Squared) loaned Paul McCown's LLC, McCown Enterprises, fifteen million dollars in May of 2021. *Id.* at ¶ 17. Defendant, Mr. Tonkowich, then the Executive Vice President of Wyoming Catholic College's is alleged to have facilitated this loan to McCown, who at the time was the Chief Financial Officer of Wyoming Catholic College. Id. at ¶¶ 10-13, 20. Shortly after funding the fifteen-million-dollar loan (via wire on May 11, 2021 of $14.7 million)

Plaintiff alleges it learned the financial documentation and the attestation as to McCown's bank account balances were "forged, inaccurate and fraudulent." *Id.* at ¶ 20.

It is alleged that almost immediately upon receipt of the $14.7 million loan from R Squared, McCown made numerous transfers, including a $375,000 transfer (without consideration) to Defendant, "his close friend and colleague at WCC who had introduced WCC and McCown to R Squared's principal." (ECF No. 1 at ¶ 22). Upon receipt of these funds Defendant wasted no time in "gifting" some of this money to family members and friends (ECF No. 5-1at 2-4) along with $40,000 to the Tonkowich Family Fund of DonorsTrust (ECF No. 5-1 at 5). With Defendant's cooperation some, but not all, of this money was able to be seized by the Federal Bureau of Investigation (FBI). (ECF No. 5 at 2-3). In total the FBI was able to seize $301,129.11 from Defendant's bank account that McCown had transferred to Defendant. (ECF No. 1 at 5). To date neither the remaining $73,870.89 nor the $301,129.11 proceeds Defendant originally received from McCown have been returned to Plaintiff. (ECF No. 1 at ¶ 38). Thus, Plaintiff seeks to recover from Defendant the $375,000 fraudulently transferred to Defendant from McCown plus interest. *Id.*

## Analysis

Defendant argues that the amount in controversy does not meet the $75,000 amount in controversy requirements for diversity jurisdiction. (ECF No. 5 at 4). In making this argument Defendant deducts from Plaintiff's claim the $301,129.11 amount currently in the FBI's possession. *Id.* However, such an argument ignores reality and the law. Plaintiff's Complaint seeks to recover from Plaintiff $375,000 (the total amount

2

Defendant allegedly received in the scheme), plus interest. (ECF No. 1). That some of that amount may ultimately be paid or provided through the funds recovered by the FBI does not render the amount in controversy as to Plaintiff's legal claims against this Defendant anything less than the $375,000. "Subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1150 (D.N.M. 2015). We determine the "amount in controversy" at the time the complaint is filed—not by the amount that may be found ultimately due. *Broderick v. Keller*, 2002 WL 89908 at 3 (10th Cir. Jan. 24, 2002). An event that does or, in this case, "might" occur after the filing (such as the FBI's payment of the seized funds to Plaintiff) does not remove or prevent this Court from exercising jurisdiction in this case. *See Nature's Sunshine Products, Inc. v. De La Mora*, 2005 WL 6966457 at 1 (D.Utah May 2, 2005). Thus, the FBI's seizure and "potential" payment of those funds as attributable to Defendant's liability do not change the amount in controversy or the amount claimed against Defendant.

## Conclusion

Plaintiff's Complaint establishes complete diversity of the parties and that the amount in controversy, at the time of filing, exceeds $75,000, exclusive of fees and costs. Thus, this Court does not lack subject matter jurisdiction. Therefore, it is hereby

ORDERED Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (ECF No. 5) is hereby DENIED.

Dated this 2nd day of February, 2022.

_____
Scott W. Skavdahl
United States District Judge